IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH LYDELL VEASEY, #14596-076, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0139-R |
| | ) | ECF |
| CRIMINAL DISTRICT COURT NO. 2, | ) | |
| Dallas County Texas, et al., | ) | |
|       Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a federal inmate pursuant to 28 U.S.C. §§ 1331 and 1332, and 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the FCI in Memphis, Tennessee. Defendants are Criminal District Court No 2 of Dallas County, Texas, former Judge Darrell L. Clements, and former Assistant District Attorney Joan L. Marshall. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Plaintiff alleges that in 1991, when he pled guilty to five charges in Criminal District Court No. 2 and was sentenced to twelve-year imprisonment, neither Judge Clements nor Assistant Marshall had allegedly taken an oath of office or filed the same with the Texas Secretary of State. According to Plaintiff, the failure to take an oath and file the same

deprived the trial court of jurisdiction to conduct his criminal proceedings, and rendered his guilty pleas and sentences a nullity.  *See* Cause Nos. F89-A1200-I, F89-A1339-I, F89-A1199-I, F89-A1631, and F89-A4015-I.  Plaintiff seeks monetary relief.

Plaintiff concedes that he is presently incarcerated on the basis of a federal sentence that was enhanced on the basis of his prior state convictions in Nos. F89-A1200-I, F89-A1339-I, F89-A1199-I, F89-A1631, and F89-A4015-I.  He further concedes that he first learned of Defendants Clements and Marshal's failure to take the oath of office on or about May 23, 2002.

Findings and Conclusions:  The Court has granted Plaintiff leave to proceed *in forma pauperis*.  His complaint is, thus, subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  That section provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2)(B).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's request for monetary relief lacks an arguable basis in law and should be dismissed as frivolous.  Judge Clements is absolutely immune from any claims for monetary

2

damages.[1]  It is self-evident that any acts or omission by Judge Clements took place in his capacity and function as judge, which in and of itself renders him immune from a suit for monetary damages.  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *see also Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995).

Plaintiff's claim for monetary relief against Assistant District Attorney Marshall is also barred by the doctrine of absolute immunity.  A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case.  *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).  Here it is clear that Plaintiff is seeking to sue Marshall because he was present and acted as an assistant district attorney during the criminal proceedings in Criminal Court No. 2.

Even assuming Plaintiff's claims against Judge Clements and Assistant Marshall were not barred by absolute immunity, they would impugn on the validity of his state convictions and sentences in Cause Nos. F89-A1200-I, F89-A1339-I, F89-A1199-I, F89-A1631, and F89-A4015-I.  Under the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), Plaintiff's claims are not cognizable in this civil rights action, unless Plaintiff's

---

[1] "Despite the applicability of *Heck v. Humphrey*, 512 U.S. 477 (1994) [as set out more fully below], a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) (presently § 1915(e)] determination."  *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995) (citing *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994)); *see also Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (even if a complaint is subject to dismissal under *Heck*, it remains appropriate for district courts to resolve the question of immunity before reaching the *Heck* analysis).

convictions are reversed, expunged, invalidated or called into question. Presently Plaintiff cannot make such a showing.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous and for seeking monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 19th day of March, 2007.

```
                                   _____
                                   WM. F. SANDERSON, JR.
                                   UNITED STATES MAGISTRATE JUDGE
```

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.